TEXAS COMMISSION ON HUMAN RIGHTS, by and through William M. HALE, in his Capacity as its Executive Director, on Behalf of the Burke Center, Appellant,

v.

Joe Bruce KINNEAR, Ken Corbett and Mildred Corbett, Appellees.

No. 09–97–238CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 11, 1999.

Decided March 25, 1999.

Rehearing Overruled May 13, 1999.

 

Dan Morales, Atty. Gen., Bruce V. Griffiths, John W. Owens, Asst. Attys. Gen., Austin, for appellant.

Mitch Templeton, Kent Chambers, Chambers Templeton Cashiola, LLP, Beaumont, Sid S. Stover, Seale, Stover, Coffield & Bisbey, LLP, Jasper, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

The Texas Commission on Human Rights, acting on behalf of the Burke Center, sued Joe Bruce Kinnear for violating the Texas Fair Housing Act. In previous litigation, Kinnear obtained an injunction to prevent the Deep East Texas Regional Mental Health and Mental Retardation Services (since re-named the Burke Center) from building a group home for mentally disable persons in violation of the deed restrictions applicable to the property. On appeal, we dissolved the injunction, holding the federal Fair Housing Act prohibited deed restrictions against group homes for handicapped persons. *Deep East Texas Reg. MHMRS v. Kinnear*, 877 S.W.2d 550 (Tex.App.—Beaumont 1994, no writ). After we issued our opinion in the previous litigation, the Commission commenced this suit, alleging that by filing the petition for injunction Kinnear violated the Texas Fair Housing Act. The Commission's original petition named as defendants "Bay Meadows Section of Walnut Run Estates, and its individual owners, members, officers, employees, agents, and associates, in their individual and official capacities, and Joe Bruce Kinnear, in his individual and official capacities as agent for the Bay Meadows Section of Walnut Estates." Ken Corbett and Mildred Corbett, property owners in the Bay Meadows Section, answered the suit and filed a motion for sanctions. The Commission then amended its petition, deleting its claims against the subdivision and its individual owners, other than Kinnear. Kinnear's answer alleged the suit was barred

under the doctrines of res judicata and collateral estoppel, and requested attorney fees and court costs under the Texas Fair Housing Act.

The jury failed to find Kinnear committed a discriminatory housing practice by filing and prosecuting the injunction action against the Burke Center. The jury found Kinnear's reasonable attorney fees to be $48,750, with additional fees in the event of appeal. The trial court ordered the Commission take nothing from its suit and awarded Kinnear costs and attorney fees in accordance with the jury's verdict. As sanctions for filing a frivolous suit, the trial court also ordered the Commission to pay the Corbetts' attorney fees of $3,300. The Commission presents twelve issues on appeal. Kinnear presents one cross-point.

█ Issue one urges, "The evidence established as a matter of law that Kinnear had committed a discriminatory housing practice." In reviewing a "matter of law" challenge to the sufficiency of the evidence, we examine the record for evidence supporting the finding, ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If no evidence supports the finding, we examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The Commission argues Kinnear violated the Texas Fair Housing Act as a matter of law by seeking and obtaining an injunction, thereby making a dwelling unavailable to the Burke Center. *See* TEX. PROP.CODE ANN. § 301.025(a) (Vernon 1995).

The previous litigation established the unenforceability of the deed restrictions to prevent construction of the group home. *Deep East Texas Reg. MHMRS,* 877 S.W.2d at 557–58. The Commission cites *U.S. v. Wagner,* 940 F.Supp. 972 (N.D.Tex.1996), in support of its assertion that mere filing of the suit constituted a discriminatory act. *Wagner* is an opinion of a federal district court following a bench trial, not an appeal. The opinion naturally includes the findings required of the trial court as the finder of fact. Thus, the opinion includes findings of fact that the various plaintiffs were aware the home was to be occupied by mentally handicapped children rather than by parolees, as they testified at trial. *Wagner,* 940 F.Supp. at 974.

We are reviewing this case on appeal after the jury failed to find Kinnear engaged in a discriminatory practice. The charge asked the jury if it found by a preponderance of the evidence that Kinnear committed a discriminatory housing practice by filing and prosecuting the injunction against the Burke Center because of the disability of the persons who were to live in the Jasper Group Home or because of the Burke Center's association with disabled persons. The jury did not so find. We must examine the record for evidence that supports the jury's finding, ignoring all evidence to the contrary; if there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989); *see also Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 940 (Tex.1991).

Viewing the evidence in the light most favorable to the verdict, we find evidence Kinnear was motivated not by discriminatory animus but by a desire to keep a business from operating in the residential neighborhood in violation of the deed restrictions. Kinnear claimed his motivation for filing the suit arose from a concern that the group home would be operated as a business, not animosity towards the mentally handicapped. Kinnear stated he had no objection to having mentally handicapped neighbors and referred to several neighbors who were mentally handicapped. Kinnear claimed he objected to the group home because it would be operated as a business, and explained his previous comments regarding his fear for his family's safety as an expression of his concern the Burke Center would not adequately supervise the large number of people who would be living at the facility. He did not seek an injunction because the people who were to live in the group home were mentally retarded. The attorney who represented Kinnear in the injunction suit testified no mentally handicapped persons were made a party to the litigation and so far as he was aware no mentally handicapped person was

denied housing as a result of the injunction suit. According to the attorney, the injunction suit was filed because the proposed home was a business venture. The motivation behind the suit lay in the fear that if the deed restrictions were not enforced, the restrictions against business enterprises would be waived and other commercial enterprises could be established in the subdivision.

The Commission argues Kinnear's attempt to enforce the discriminatory deed restrictions gives rise to liability for money damages as a matter of law. Kinnear contends the filing of the suit is protected by the First Amendment. The Commission argues Kinnear is not entitled to First Amendment protection because Kinnear brought the litigation to achieve an illegal objective of discriminating against disabled individuals and brought the suit without reasonable basis in law or in fact. However, there is evidence Kinnear brought the injunction to enforce the deed restrictions against the operation of a business. Kinnear also challenged the constitutionality of the statutory limitation on restrictive covenants. Furthermore, the testimony of the Executive Director of the Texas Commission on Human Rights, William Hale, supports Kinnear's contention that the injunction suit was constitutionally protected. Hale testified he was "not in any way alleging the injunction was a frivolous lawsuit." According to Hale, the Commission issued a complaint against Kinnear because the deed restriction that formed the basis for the injunction violated the state and federal fair housing acts. At the time Kinnear filed his suit, the effect of the Fair Housing Acts on the validity of the deed restrictions had yet to be adjudicated. The jury could have found Kinnear had a reasonable belief his suit would be held to be valid upon adjudication. Although once tested in the courts, the deed restrictions proved to be unenforceable, the suit was not without a reasonable basis in law, especially considering Kinnear's initial success in bringing the suit and his constitutional challenge of the statutes that made the deed restrictions unenforceable.

Issue two states, "The jury's findings that Kinnear did not commit a discriminatory housing practice was against the great weight and preponderance of the evidence and is manifestly unjust." The Commission produced impressive evidence of Kinnear's discriminatory motive. In excerpts from Kinnear's cross-examination testimony during the injunction hearing, Kinnear expressed fear for his family's safety if the group home were to be built. However, Kinnear also articulated his concern arose from the fact that Deep East Texas MHMR would be responsible for supervising the residents, not from the fact that the residents were mentally handicapped. As the Commission notes, the residents would not be supervised if they were not disabled. In weighing the conflicting evidence of Kinnear's motive in prosecuting the injunction suit, the jury could draw a subtle distinction between animosity arising from a mistrust of a government operation from animosity toward disabled individuals or persons associated with them. Thus, the evidence of Kinnear's discriminatory motive is not so overwhelming that the jury's answer to Jury Question Number One is against the great weight and preponderance of the evidence. Issues one and two are overruled.

Issue three urges, "The district court erred in failing to properly instruct the jury as to the nature of Kinnear's free speech defense." The trial court refused Kinnear's requested instruction on a First Amendment defense. Counsel for the Commission objected to Kinnear's proposed instruction and requested the trial court submit the following question and instruction:

Do you find by a preponderance of the evidence that, at the time that the defendant filed or prosecuted the injunction action, that the injunction action had no reasonable basis in law or fact?

Answer "Yes" or "No" _____

You are instructed in connection with this question that the defendant has a right under the state and federal constitutions to file lawsuits which have a reasonable basis in fact and law, but that a defendant who files a suit without such a basis may be held liable for damages caused by the filing and prosecution of such a suit. You are further instructed that the defendant is presumed to know the law. You are fur-

ther instructed that in answering this question you should find that the injunction action "had no reasonable basis in law or fact" if a reasonable person who knew the facts that were known to the defendant and knew the law, as the defendant is presumed to, would come to the conclusion that the ultimate success of the injunction action was foreclosed by one or more rules of law. On the other hand, if a reasonable person who knew the facts known to the defendant and [knew] the applicable law would come to the conclusion that no rule of law foreclosed the possibility of ultimate success, then the injunction suit "had a reasonable basis in fact and law."

The trial court refused the Commission's proposed question and no question or instruction on the First Amendment was included in the charge.

■ The Commission cites *U.S. v. Wagner*, 940 F.Supp. at 980, in support of its argument that the trial court erred in refusing to submit the Commission's instruction. The requested instruction fails to address the First Amendment protection at all, and addresses only one of the three *Wagner* elements required to strip a citizen of the protection of the First Amendment. *Id.*(holding the defendant's First Amendment protection is lost if the lawsuit was filed for an illegal objective, without reasonable basis in law or fact, and with an improper motive). The trial court did not err in refusing to submit an instruction that was not in substantially correct form. TEX.R. CIV. P. 278.

■ Assuming for the sake of argument such an instruction was appropriate, any error in refusing to submit the instruction to the jury was harmless because the jury failed to find a violation of the Fair Housing Act and therefore would not have reached a question on Kinnear's affirmative defense. TEX.R.APP. P. 44.1(a). Point of error three is overruled.

The Commission's next seven issues challenge the trial court's award of attorney fees and assessment of sanctions. The judgment cites three alternative grounds for awarding attorney fees: the fee-shifting provision of the Fair Housing Act and two frivolous suit provisions—one applicable to the government in particular and the other to litigants in general. TEX. PROP.CODE ANN. § 301.156 (Vernon 1995); TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (Vernon 1997); TEX.R. CIV. P. 13.

■ The Fair Housing Act provides the court in a civil action brought under the Act may award reasonable attorney fees to the prevailing party. TEX. PROP.CODE ANN. § 301.156 (Vernon 1995). An award against the State of Texas may be granted only if the State has waived sovereign immunity. *See Univ. of Tex. Medical Branch v. York*, 871 S.W.2d 175 (Tex.1994). Property Code Section 301.156 does not provide that the State shall be liable for attorney fees in the same manner as private litigants. In the context of attorney fees, sovereign immunity is waived if a state agency files an action that is frivolous, unreasonable, or without foundation, and the action is dismissed or judgment is awarded to the other party. TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (Vernon 1997).

The trial court did not enter written findings on Kinnear's and the Corbetts' motions for attorney fees. TEX.R. CIV. P. 299a. The judgment recites the Commission had no reasonable basis in law or fact for the claims the Commission brought against the "Bay Meadows Section of Walnut Run Estates, and its individual owners, members, officers, employees, agents, and associates, in their individual and official capacities", or against Joe Bruce Kinnear, in an official capacity as agent for the Bay Meadows Section of Walnut Estates. The judgment recites the Commission had no reasonable basis for its allegation that a homeowners' association existed and that Kinnear was its agent. The judgment further recites the Commission alleged mental anguish damages in bad faith. Finally, the judgment states the Commission had no reasonable basis to assert claims against the individual residents and homeowners of the subdivision, including the Corbetts.

■■ Attorney fees are recoverable only when the entire cause of action is frivolous. *See Black v. Dallas County Child Welfare Unit*, 835 S.W.2d 626, 630 n. 7 (Tex.1992).

Although the Commission's allegations against Kinnear in his official capacity as agent for a non-existent association and its allegations of mental anguish damages lacked a reasonable basis in fact or law, the Commission could reasonably have anticipated a successful outcome of a Fair Housing Act claim in light of our opinion in *Deep East Texas Reg. MHMRS* and the federal district court's opinion in *Wagner*. The jury found Kinnear did not engage in a discriminatory housing practice, but there is evidence of a discriminatory motive and this Court had already held the deed restrictions violated the Fair Housing Act. We hold the trial court erred in awarding Kinnear attorney fees against the Commission. Issues four, seven, and nine are sustained.

■ The Commission contends the trial court erred in awarding attorney fees to the Corbetts because the Corbetts were neither named in the Commission's petition nor served with process. The Commission named as parties defendant "Bay Meadows Section of Walnut Run Estates, and its *individual owners. ...*" The Corbetts are individual owners in Bay Meadows Section of Walnut Estates. They were not plaintiffs in Kinnear's injunction action. Failure to name a *non-appearing* defendant precludes party status. *Cox v. Union Oil Co. of California*, 917 S.W.2d 524, 526 (Tex.App.—Beaumont 1996, no writ). The names of the individual owners were not stated in the Commission's petition, but once the Corbetts filed an answer they were before the trial court as parties defendant. TEX.R. CIV. P. 121. The Commission thereafter propounded discovery to the Corbetts, including interrogatories about their net worth and financial statements. The Commission waited over a year before it amended its petition, effectively non-suiting the Corbetts. By then, the Corbetts had already requested Chapter 105 damages. The discriminatory act alleged by the Commission was the filing and prosecution of the injunction suit. The only evidence produced by the Commission in support of any claim against residents of the subdivision other than Kinnear is Kinnear's testimony in the injunction hearing that the people involved as plaintiffs were "The residents of Bay Meadows Section with the exception of one person." The "participation" Kinnear referred to was contributing financially to the litigation, although Kinnear admitted he was not involved in the fund raising and could not name any of the contributors. The Commission made no attempt to determine who these contributors might be prior to suing everyone living in the subdivision. The evidence supports a finding that the Commission's suit against the Corbetts was frivolous. The trial court did not err in awarding attorney fees to the Corbetts. Issue five is overruled.

■ Issue eleven contends, "The district court erred in excluding as evidence in the case at bar the former testimony of witnesses called by Kinnear as witnesses in the injunction case that he brought against the Burke Center; such evidence was relevant to show Kinnear's discriminatory intent." The Commission offered transcripts of the injunction hearing testimony of witnesses, other than Kinnear, as an admission by a party opponent. TEX.R. CIV. EVID. 801(e)(2). The Commission argues that Kinnear called the witnesses so their testimony qualify as his admissions. We disagree. "To be admissible as made by a third party on behalf of a party-opponent, the statement must be made by an agent or servant concerning a matter within the scope of his agency or employment and made during the existence of that relationship." *Handel v. Long Trusts*, 757 S.W.2d 848, 851 (Tex.App.—Texarkana 1988, no writ).

Some of the testimony was by persons not shown to be Kinnear's agents. One witness was referred to as an expert. Were we to assume this witness was employed by Kinnear in the injunction action for the purpose of testifying as an expert witness, the scope of his employment is not shown in the record. The matter about which the witness testified, whether in his opinion persons with an IQ of 40 could be rehabilitated by someone with 40 hours of training, demonstrates the subject of supervision came up during the hearing, but is not "strong evidence that the motive for enjoining construction of the group home was the fact that mentally retarded people would live there." Furthermore, similar in-

**834**

junction hearing testimony by Kinnear himself was admitted into evidence. Finally, the Commission's argument that the statements were not offered for the truth of the matter asserted is made for the first time on appeal. At trial, the Commission offered the statements as admissions of party opponent. We hold the trial court did not err in excluding the offered evidence. Issue eleven is overruled.

■ Issue twelve presents, "The district court improperly held that the attorney's fees reasonably incurred by the Burke Center in defending against Kinnear's lawsuit were not an element of the plaintiff's damages in the case at bar." Assuming the fees were a proper element of damages, the error would be harmless because the jury failed to find for the Commission on the issue of liability. TEX.R.APP. P. 44.1(a). Issue twelve is overruled.

Because we find the court erred in awarding attorney fees to Kinnear, but otherwise did not err in its judgment, we need not address the remaining issues and Kinnear's cross-point.

The judgment of the trial court that Joe Bruce Kinnear recover his attorney fees is reversed and rendered. In all other respects the judgment of the trial court is affirmed.

REVERSED AND RENDERED IN PART; AFFIRMED IN PART.