Joe Bruce KINNEAR, Petitioner,

v.

TEXAS COMMISSION ON HUMAN RIGHTS, By and Through William M. HALE, in his official capacity as its Executive Director, on behalf of the Burke Center, formerly Deep East Texas Mental Health and Mental Retardation Services, aggrieved person, Respondents.

No. 99–0621.

Supreme Court of Texas.

April 20, 2000.

Mitchell Wayne Templeton, Kenneth R. Chambers, Beaumont, for petitioner.

Philip A. Lionberger, Linda Eads, Andy Taylor, John Cornyn, Gregory S. Coleman, Julie Caruthers Parsley, Austin, John Owens, Houston, for respondents.

PER CURIAM.

The Texas Commission on Human Rights sued Joe Bruce Kinnear for violating the Texas Fair Housing Act, which prohibits discriminatory housing practices. TEX. PROP.CODE §§ 301.001–.171. In previous litigation, Kinnear sought an injunction preventing the sale of a neighborhood home to the Deep East Texas Regional Mental Health and Mental Retardation Services (now the Burke Center). The Burke Center intended to convert the

home into a group residence for mentally disabled persons, which Kinnear alleged would violate deed restrictions on the property. Although Kinnear obtained the injunction, the court of appeals dissolved it, holding that the federal Fair Housing Act, 42 U.S.C. §§ 3601–3631, prohibits deed restrictions against group homes for handicapped persons. *See Deep East Tex. Reg'l MHMRS v. Kinnear*, 877 S.W.2d 550 (Tex.App.-Beaumont 1994, no writ).

The Commission then filed this suit, alleging that Kinnear violated the Texas Fair Housing Act when he filed the petition for injunction. Kinnear answered that res judicata and collateral estoppel barred the suit, and he requested court costs and attorney fees under the Texas Fair Housing Act. *See* TEX. PROP.CODE § 301.156 (court may award reasonable attorney fees to prevailing party and assess court costs against nonprevailing party). The jury found that Kinnear had not committed a discriminatory housing practice, and also found his reasonable attorney fees to be $48,750.00, with additional fees for appeals, if taken. The trial court rendered judgment on the jury's verdict. The Commission appealed.

 The court of appeals raised the issue of sovereign immunity from liability *sua sponte*, and overturned the attorney fees award to Kinnear, while affirming all other aspects of the trial court's judgment. 986 S.W.2d 828. Although the court properly noted that an award against the State may be granted only if the Legislature has waived sovereign immunity, the court failed to distinguish between immunity from suit and immunity from liability, which are distinct principles. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Immunity from suit concerns whether the State has consented to be sued, thereby vesting the trial court with subject matter jurisdiction. *See id.* Because the Commission initiated this proceeding under the Texas Fair Housing Act, and Kinnear claimed attorney fees as a consequence of that suit, the jurisdiction-

al question in this case was answered when the Commission filed suit, regardless of whether the Commission can ultimately be liable for fees. Thus the issue is whether the Commission, a state agency, is immune from liability for attorney fees under section 301.156, the fee-shifting provision of the Act.

 Immunity from liability, like other affirmative defenses to liability, must be pleaded, or else it is waived. *See id.*; *Davis v. City of San Antonio*, 752 S.W.2d 518, 519–20 (Tex.1988); *see also* TEX.R. CIV. P. 94. Because the Commission never pleaded sovereign immunity from liability as an affirmative defense to the requested attorney fees, it waived the defense, and the court of appeals erred in overturning the attorney fees award on sovereign immunity grounds. We express no opinion with respect to whether sovereign immunity from liability, when properly pleaded, precludes a prevailing party from recovering attorney fees against the State under section 301.156 of the Texas Fair Housing Act. Accordingly, without hearing oral argument, the Court grants Kinnear's petition for review, reverses the court of appeals's judgment on the attorney fees question, and renders judgment awarding Kinnear his attorney fees and costs. *See* TEX.R.APP. P. 59.1.