

NUMBER 13-13-00354-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK BERNHARD,                                                      **Appellant,**

**v.**

CITY OF ARANSAS PASS, TEXAS,                              **Appellee.**

**On appeal from the 343rd District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides**

This appeal arises from the granting of a plea to the jurisdiction. Appellant Mark

Bernhard raises three issues on appeal: (1) the trial court erred in granting the plea to

the jurisdiction; (2) his claims are not barred by the Recreational Use Statute ("RUS"),

*see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001–.007 (West, Westlaw through 2013 3d

C.S.); and (3) the duty owed to him by appellee, the City of Aransas Pass (the City), is reasonable care pursuant to section 336 of the Restatement (Second) of Torts. RESTATEMENT (SECOND) OF TORTS § 336 (1965). We reverse and remand.

## I. BACKGROUND

On July 28, 2012, Bernhard was injured at the Aransas Pass Aquatic Center operated by the City. After Bernhard began his descent down a water slide, the lifeguard on duty allowed a second patron to make his way down the slide, but Bernhard had not yet arrived at the landing zone. The second patron collided with Bernhard from behind, causing Bernhard to hit his head on the slide and fracture his neck. In his lawsuit, Bernhard alleged the City waived its sovereign immunity and argued that the City was liable for the negligence of its lifeguard. Specifically, Bernhard argued that if the City were a private person, it would be liable for Bernhard's injuries. In its plea to the jurisdiction, the City argued that Bernhard's claims were barred by the RUS. The City claimed that Bernhard did not argue the City was grossly negligent, which is required under the RUS; therefore, the City was immune from liability. Based on this argument, the trial court granted the City's plea to the jurisdiction and dismissed Bernhard's claims with prejudice. This appeal ensued.

## II. SOVEREIGN IMMUNITY

By Bernhard's first issue, he argues that the trial court erred in granting the City's plea to the jurisdiction. By his second issue, Bernhard argues that his claims are not barred by the RUS because the applicable legal standard should be negligence, not gross negligence. Because these two issues are related, we will address them jointly.

2

## A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id. see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't. of Parks & Wildlife v. Miranda,* 133 S.W.3d 218, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied.). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do even when the evidence implicates the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *see City of Waco v. Kirwan,* 298 S.W.3d 618, 622 (Tex. 2009). A review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for

summary judgment. *Miranda*, 133 S.W.3d at 228. The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Id.* Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227–28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In reviewing the evidence presented in support of the plea to the jurisdiction, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *City of Waco,* 298 S.W.3d at 622.

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Miranda,* 133 S.W.3d at 227. However, if the pleadings do affirmatively negate jurisdiction, a defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard*, *P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). In other words, a defendant may not advance a "no-evidence" plea to the jurisdiction*. See id*; *cf.* TEX. R. CIV. P. 166(a)(i) (allowing for no-evidence motion for summary judgment); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012).

4

**B. Applicable Law**

Generally, governmental entities are immune from suit unless the Legislature has expressly consented to the suit. *Miranda*, 133 S.W.3d at 224. The doctrine of sovereign immunity provides that "no state can be sued in courts without her consent, and then only in the manner indicated by that consent." *Tooke v. City of Mexia*, 197 S.W.3d, 325, 331 (Tex. 2006) (citing *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, such as cities. *Harris Cnty. v. Sykes*, 136, S.W.3d 635, 638 (Tex. 2004).

In Texas, governmental immunity has two components: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity; and (2) immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Immunity from liability is an affirmative defense that must be pleaded or else is waived. *Kinnear v. Tex. Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000). Immunity from suit, on the other hand, deprives a court of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. Governmental immunity from suit may be waived only by "clear and unambiguous statutory language." *Tooke*, 197 S.W.3d at 332-33; *see* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2013 3d C.S.) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

Under the Texas Torts Claims Act ("TTCA"), the Legislature has provided a limited waiver of sovereign immunity from suit for personal injuries caused by a condition or use of tangible or real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.022

5

(West, Westlaw through 2013 3d C.S.).  However, this immunity waiver is limited by the RUS, which provides as follows:

> If an owner, lessee, or occupant of real property other than agricultural land gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> (1) assure that the premises are safe for that purpose;
>
> (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or
>
> (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

*Id.* § 75.002(c)(1–3).  If a person is injured while engaged in recreational activity on premises owned, operated, or manufactured by a governmental unit, the governmental unit does not owe that person a greater degree of care than is owed to a trespasser on the premises.  *Id.* § 75.002(f).

The TTCA provides that "to the extent that Chapter 75 limits the liability of a government unit under circumstances in which the government unit would be liable under this Chapter, Chapter 75 controls."  *Id.* § 101.058.  The Texas Supreme Court has applied the TTCA in combination with the RUS and has held that a governmental entity owes a duty not to injure a plaintiff through willful, wanton, or grossly negligent conduct.  *City of Bellmead v. Torres,* 89 S.W.3d 611, 615 (Tex. 2002); *Miranda,* 133 S.W.3d at 232 (holding that the trial court lacked subject matter jurisdiction where the evidence did not establish the governmental entity was grossly negligent); *see also Stephen F. Austin State Univ. v. Flynn,* 228 S.W.3d 653, 661 (Tex. 2007) (holding that conclusory allegations of gross negligence are insufficient to meet the RUS standard and dismissal on a plea to the jurisdiction is appropriate).

Bernhard's first issue argues that the trial court erred in granting the City's plea to the jurisdiction. The Texas Supreme Court and the Texas Legislature have defined gross negligence as an act or omission involving the subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. CODE ANN § 41.001(11)(A)(B) (West, Westlaw through 2013 3d C.S.); *State v. Shumake,* 199 S.W.3d 279, 287 (Tex. 2006) (citing *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 21 (Tex. 1994)). The Texas Supreme Court has applied this definition to the RUS. *Shumake,* 199 S.W.3d at 287. Gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE ANN 41.001(11)(A)(B) (West, Westlaw through 2013 3d C.S.). Gross negligence is not synonymous with negligence, but rather requires the existence of an extreme risk of serious injury or death, evaluated both objectively and subjectively. *Shumake,* 199 S.W.3d at 287; *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999) (explaining that the defendant's state of mind is what separates ordinary negligence from gross negligence).

## C. Discussion

Because the RUS applies to this case and chapter 75 of the RUS limits the applicability of the TTCA, the City's immunity is waived only if Bernhard's injuries were caused by gross negligence. *See Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720,

726 (Tex. App.—Corpus Christi 2007, no pet.). For example, in *Bellmead*, the Supreme Court held that because sitting on a swing is recreation as contemplated by the RUS, the city owed the plaintiff only the duty not to injure her through willful, wanton, or grossly negligent conduct. 89 S.W.3d at 615. Since Bernhard did not plead any willful, wanton, or grossly negligent conduct, like in *Bellmead*, he cannot recover from the city as a matter of law under his current pleadings. *See id.* Therefore, we overrule Bernhard's second issue.

We now turn to whether the trial court's granting of the plea to the jurisdiction and subsequent dismissal with prejudice was the proper ruling in this case.

Bernhard's petition states the following, in relevant part, with regard to the City's liability:

> Based on the facts in this case, the City of Aransas Pass has waived its sovereign immunity from suit. The City is liable for [Bernhard's] personal injuries proximately caused by the negligence of its lifeguards in their use and operation of the covered slide, which is tangible personal or real property. Under Texas law, if the City of Aransas Pass were a private person, it would be liable for [Bernhard's] injuries caused by the negligent acts and omissions of its employees/lifeguards.
>
> In this case, the lifeguards were negligent in their use and operation of the slide in the following respects:
>
>> a.) In failing to keep a proper lookout;
>>
>> b.) By failing to communicate with one another;
>>
>> c.) In allowing a second patron to go down the slide when it was unsafe.
>
> The incident made the basis of this suit and the damages claimed herein arose from the City's performance of a governmental function, i.e. the operation of a recreational facility/swimming pool.

8

Under the RUS, a governmental unit's immunity from suit extends to cases alleging mere negligence. The Texas Supreme Court has expressly held that the allegations of gross negligence are necessary to waive a governmental immunity under the TTCA and RUS. *See Flynn,* 228 S.W.3d at 660. Bernhard makes no express allegation regarding gross negligence. The allegation that the lifeguard's negligent conduct caused Bernhard injury does not constitute an allegation that the City (1) caused an objectively extreme degree of risk, considering the probability and magnitude of potential harm; or (2) was consciously indifferent to any alleged capacity to inflict serious injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001 (11) (A)(B). To state a viable cause of action within the scope of section 101.021(2) of the TTCA when the injury involves real property used for recreational purposes, Bernhard was required to allege facts affirmatively illustrating the injury arose from willful, wanton, or grossly negligent conduct of the City. *City of Plano v. Homoky*, 24 S.W.3d 809 (Tex. App.—Dallas 2009, no pet.). He failed to do so here.

However, although Bernhard's current allegations are insufficient to invoke the trial court's jurisdiction, his pleadings do not affirmatively demonstrate incurable jurisdictional defects to require dismissal. *See Miranda*, 133 S.W.3d at 226–27. Bernhard alleges three different acts of negligence by the City's lifeguards, and after construing his pleadings liberally, we conclude that Bernhard's pleadings do not affirmatively negate the potential of facts giving rise to gross negligence. Thus, when it is possible, as in this case, to cure a pleading defect, a plaintiff "must be given an opportunity to amend in response to a plea to the jurisdiction." *Tex. A&M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007); *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 559 (Tex. 2002) (remanding a case to the trial court for repleading when the pleadings failed to show jurisdiction but did

9

not affirmatively demonstrate an incurable jurisdictional defect). Because we hold that Bernhard's pleadings do not affirmatively demonstrate incurable jurisdictional defects, we reverse the trial court's order denying the plea to the jurisdiction and remand this case to allow Bernhard the opportunity to amend his pleadings. Bernhard's first issue is sustained.

### III. APPLICATION OF THE RESTATEMENT (SECOND) OF TORTS TO THIS CASE

By final issue, Bernhard asserts that imposing a duty of reasonable or ordinary care to a known trespasser as applied to this case is logical under the RUS.

Bernhard raises the argument that the City owed the duties owed to trespassers under the application of section 336 of the Restatement (Second) of Torts for the first time on appeal. Bernhard argues that "applying a duty of reasonable or ordinary care to a known trespasser in a negligent activity case under the RUS is logical" pursuant to section 336 of the Restatement (Second) of Torts. However, the Texas Supreme Court has specifically rejected this contention:

> [w]hether Texas common law has, or should, distinguish between different types of trespassers does not control our decision. . . . Neither this distinction nor any other disagreement about the common law's treatment of trespassers is controlling here because the Legislature did not purport to adopt these common law principles as its liability standard in section 75.0052(d).

*Shumake,* 199 S.W.3d at 286. Contrary to Bernhard's suggestion, the Texas Supreme Court did not accept the notion that there should be different duties owed to different types of trespassers. *Id.* Thus, the supreme court has not adopted section 336 of the Restatement (Second) of Torts for purposes of the RUS. In fact, Bernhard acknowledges that no Texas court has ever approvingly cited to or adopted section 336 of the

10

Restatement (Second) of Torts in this context.  Because Bernhard's contention is contrary to established Texas precedent, we overrule his third issue.

## IV.  CONCLUSION

We reverse the trial court's granting of the City's plea to the jurisdiction and dismissal with prejudice, and we remand this cause with instructions to the trial court to allow Bernhard the opportunity to amend his pleadings.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
17th day of July, 2014.

11