

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00451-CV

**WHEELABRATOR AIR POLLUTION CONTROL, INC.**,
Appellant

v.

CITY OF SAN ANTONIO, Acting Through **CITY PUBLIC SERVICE BOARD OF SAN ANTONIO**, a Municipal Board of the City of San Antonio,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-06252
Honorable Michael E. Mery, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 26, 2014

AFFIRMED

Wheelabrator Air Pollution Control, Inc. appeals an order granting a plea to the jurisdiction as to its claim for attorney's fees in its breach of contract suit against the City of San Antonio acting through the City Public Service Board ("CPS"). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Wheelabrator and Casey Industrial, Inc. entered into a design and construction contract with CPS. In 2008 and in 2011, respectively, Casey and Wheelabrator filed separate suits

against CPS, alleging that CPS had breached the parties' contract. These suits were later consolidated by the trial court.

In its suit, Wheelabrator alleged that it entered into a valid, enforceable contract that governed the provision of goods and services by Wheelabrator to CPS; that it fully performed its obligations under the contract; that CPS breached the contract by failing to timely and substantially perform all its obligations under the contract; and that as a result of the breach, Wheelabrator suffered monetary loss, continued to incur additional damages, and incurred attorney's fees. Wheelabrator also alleged that, based on the express terms of the contract and chapter 271 of the Texas local government code, CPS was not immune from suit. Wheelabrator asked the trial court to award it damages for breach of contract and reasonable and necessary attorney's fees for the prosecution of its lawsuit.

CPS filed a plea to the jurisdiction, asserting that it had governmental immunity from Wheelabrator's attorney's fees claim.[1] CPS asked the trial court to dismiss Wheelabrator's attorney's fees claim for lack of jurisdiction. Wheelabrator opposed CPS's plea to the jurisdiction, arguing that (1) a plea to the jurisdiction was the wrong procedural vehicle to challenge its attorney's fees claim; (2) CPS waived its immunity from suit by seeking affirmative relief; (3) CPS had no immunity from suit because it was performing a proprietary function; and (4) the granting of a plea to the jurisdiction as to its attorney's fees claim was premature and fact issues as to jurisdiction remained. Wheelabrator presented no evidence in support of its response. The

---

[1]This was the second plea to the jurisdiction filed by CPS. In its first plea to the jurisdiction, CPS challenged the trial court's subject matter jurisdiction as to Wheelabrator's quantum meruit claim. The trial court denied this plea to the jurisdiction. On appeal, we held that CPS was immune from suit on Wheelabrator's quantum meruit claim and, therefore, reversed the trial court's order denying this plea to the jurisdiction. *See City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 599 (Tex. App.—San Antonio 2012, pet. denied).

trial court granted CPS's plea to jurisdiction, dismissing Wheelabrator's attorney's fees claim. Wheelabrator appealed.

### GOVERNMENTAL IMMUNITY

In Texas, sovereign and governmental immunity deprive a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign and governmental immunity encompass two distinct principles, immunity from suit and immunity from liability. *Id*. Immunity from suit deprives a court of subject matter jurisdiction, while immunity from liability is an affirmative defense. *Id*.

Governmental immunity is the "default" rule for municipalities with respect to all types of claims. *City of San Antonio v. Wheelabrator Air Pollution Control*, 381 S.W.3d 597, 604 (Tex. App.—San Antonio 2012, pet. denied). Governmental immunity may be waived by clear, unambiguous legislative enactment or by the governmental entities themselves through certain actions such as bringing claims for affirmative relief in litigation. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374-76 (Tex. 2006). To invoke a trial court's subject matter jurisdiction over a claim against a governmental entity, the plaintiff must allege a valid waiver of immunity from suit and plead sufficient facts demonstrating the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226.

### STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is a question of law. *Id*.; *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 241 (Tex. App.—San Antonio 2012, pet. denied). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226. Similarly, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a

question of law. *Id*. When the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## WAIVER OF IMMUNITY FROM SUIT UNDER CHAPTER 271

Wheelabrator first argues that CPS used the wrong procedural vehicle to challenge its attorney's fees claim and that CPS's plea to the jurisdiction "improperly conflates immunity from suit and immunity from liability" under chapter 271 of the Texas local government code. CPS counters that its plea to the jurisdiction was a proper procedural vehicle and that the version of chapter 271 applicable in this case barred recovery of attorney's fees in connection with Wheelabrator's breach of contract action.

Chapter 271 of the Texas local government code was originally enacted in 2005. The chapter's key provision, section 271.152, provides that when a local governmental entity, such as a municipality, enters into certain written contracts, it waives immunity to suit for the purpose of adjudicating a claim for breach of contract.[2] *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). As originally enacted, chapter 271 permitted the prevailing party to recover its reasonable attorney's fees only if a written agreement authorized the recovery of attorney's fees and specifically referenced section 271.159 of the statute. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548, 1548-49. However, section 271.159, which became

---

[2]Titled "Waiver of Immunity to Suit for Certain Claims," section 271.152 provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005).

effective beginning September 1, 2005, was not retroactive.[3] *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 360 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Section 271.153 of the Texas local government code addresses the damages that may be awarded in a breach of contract suit against a governmental entity. *See* TEX. GOV'T CODE ANN. § 271.153. As originally enacted, section 271.153 did not contain an attorney's fees provision; however, section 271.153 was amended in 2009 to permit the recovery of reasonable and necessary attorney's fees. Act of May 31, 2009, 81st Leg., R.S., ch. 1266, § 8, 2009 Tex. Gen. Laws 4006, 4007. The attorney's fees provision in section 271.153 was not retroactive; it applied only to contracts executed after June 19, 2009, the amendment's effective date. *City of San Antonio v. KGME, Inc.*, 340 S.W.3d 870, 873 n.2 (Tex. App.—San Antonio 2011, no pet.).

As a preliminary matter, we note that many of Wheelabrator's arguments on appeal are based on section 271.153. According to Wheelabrator, CPS asserted the trial court lacked subject matter jurisdiction over Wheelabrator's attorney's fees claim based solely on section 271.153. However, Wheelabrator interprets CPS's plea to the jurisdiction too narrowly. CPS's plea to the jurisdiction, which appears in its amended answer, states: "CPS Energy is immune from Wheelabrator's claims except those within the scope of Section 271.152, including the limitations of liability set forth in section 271.153. Because the contract under which [Wheelabrator] seeks recovery was executed in 2004, no attorney's fees are recoverable."

Wheelabrator first argues that our decision in *Roma Indep. Sch. Dist. v. Ewing Constr. Co.*, No. 04-12-00035-CV, 2012 WL 3025927, at \*4-\*5 (Tex. App.—San Antonio July 25, 2012, pet. denied), is dispositive of the issues in this appeal and requires reversal of the trial court's order

---

[3]Some of chapter 271's provisions, specifically section 271.152, section 271.153, and section 271.154, applied retroactively to contracts executed before its enactment. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549; *Tooke v. City of Mexia*, 197 S.W.3d 325, 329 (Tex. 2006).

dismissing its attorney's fees claim. We disagree. In *Roma*, a school district and a construction company entered into a contract for the construction of a building. *Id.*, at *1. The construction company sued the school district for breach of contract, and the school district filed a plea to the jurisdiction asserting immunity from suit. *Id.* The trial court denied the plea to the jurisdiction and the district appealed. *Id.* On appeal, the district argued that it retained its immunity from suit because the damages sought by the construction company were not among those listed as recoverable in section 271.153 of the Texas local government code. *Id.*, at *3. In *Roma*, we relied on other Texas cases that had interpreted section 271.152 as governing immunity from suit and section 271.153 as governing immunity from liability. *Id.*, at *4-*5. After analyzing these cases, we held that because section 271.153 addressed immunity from liability and not immunity from suit, it was not a proper basis for granting a plea to the jurisdiction. *Id.* We then affirmed the trial court's denial of the plea to the jurisdiction. *Id.*, at *5.

Nevertheless, our decision in *Roma* was recently disapproved of by the Texas Supreme Court. In *Zachry Constr. Corp. v. Port of Houston Auth. of Harris Co.,* 2014 WL 4472616 (Tex. 2014), the Texas Supreme Court examined sections 271.152 and the other sections in chapter 271, including section 271.153, and explained that chapter 271's "limitations on recovery help define and restrict the scope of the waiver of immunity" found in section 271.152. *Id.*, at *4-*7. The Texas Supreme Court ultimately concluded that chapter 271 did not waive immunity from suit on a claim for damages that was not recoverable under section 271.153. *Id.*, at *7. In keeping with this conclusion, the court disapproved of a number of Texas cases, including *Roma*, to the extent that they held to the contrary. *Id.*, at *7 n.54.

Wheelabrator also argues that CPS used an improper procedural vehicle—a plea to the jurisdiction—to challenge its attorney's fees claim. Again, we disagree. Immunity from suit deprives a court of subject matter jurisdiction, while immunity from liability is an affirmative

defense. *Miranda*, 133 S.W.3d at 224. Because immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Id*. at 225-26. Therefore, a plea to the jurisdiction is the proper procedural vehicle to challenge an attorney's fees claim, when, as here, the trial court is deprived of subject matter jurisdiction to adjudicate such a claim.

We are not the first court to reach this conclusion. Several other Texas appellate courts have concluded that a governmental entity's immunity from suit as to a claim for attorney's fees may be properly challenged by a plea to the jurisdiction. *City of Willow Park, Texas v. E.S. & C.M., Inc.*, 424 S.W.3d 702, 711 (Tex. App.—Fort Worth 2014, pet. denied) (concluding the trial court erred by denying governmental entity's plea to the jurisdiction because it was immune from a request for attorney's fees in connection with a breach of contract claim); *Univ. of Tex. Sys. v. Ochoa*, 413 S.W.3d 769, 773-74 (Tex. App.—Austin 2012, pet. denied) (concluding the trial court erred in denying university's plea to the jurisdiction because none of the governing statutes contained language clearly and unambiguously waiving immunity for claims for attorney's fees in a worker's compensation suit); *Harris Cnty. Flood Control Dist. v. Great Am. Ins. Co.*, 309 S.W.3d 614, 617-18 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (reversing the denial of a governmental entity's plea to the jurisdiction as to attorney's fees claims in a breach of contract suit); *Petroleum Traders Corp.*, 261 S.W.3d at 360-61 (concluding the trial court erred in denying municipality's plea to the jurisdiction because it was immune from suit for attorney's fees stemming from a breach of contract). We hold that CPS's immunity from suit as to Wheelabrator's attorney's fees claim was properly raised in a plea to the jurisdiction.

Finally, in its reply brief, Wheelabrator acknowledges the Texas Supreme Court's holding in *Zachry* and its disapproval of *Roma*, but nevertheless argues that *Zachry* does not change "the controlling [Texas] Supreme Court precedent applicable to this case." Wheelabrator argues that "a request for attorney's fees implicates, if at all, a governmental entity's immunity from liability

which must be pled by the governmental entity and cannot be properly raised in a plea to the jurisdiction." In support of this argument, Wheelabrator cites *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2002), and *Kinnear v. Texas Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000), both of which involve the interpretation of statutes other than chapter 271 and fail to advance Wheelabrator's argument. In *Taylor*, the Texas Supreme Court held the legislature did not waive a state hospital's immunity from suit by adopting section 321.002 of the Texas health and safety code, otherwise known as the patient's bill of rights. 106 S.W.3d at 698-702. In *Kinnear*, which involved litigation under the Texas Fair Housing Act, the Texas Supreme Court held that the court of appeals erred in overturning an award of attorney's fees based on immunity from liability when the court of appeals raised the issue of immunity from liability sua sponte. 14 S.W.3d at 300.

The parties' contract was executed in 2004. As previously discussed, section 271.159, which initially governed the award of attorney's fees for claims allowed under section 271.152, was not effective until September 1, 2005, and therefore, does not apply to the contract in this case. Additionally, section 271.153, which was amended in 2009 to include an attorney's fees provision, does not apply to the contract in this case because its amendment was not retroactive. Thus, nothing in chapter 271 waives CPS's immunity from suit as to attorney's fees in this case. We conclude that CPS's immunity from suit as to attorney's fees was not clearly and unambiguously waived under chapter 271.

### WAIVER OF IMMUNITY BY SEEKING AFFIRMATIVE RELIEF

Next, Wheelabrator argues that CPS waived immunity from suit by asserting its own claim for affirmative relief in its pleadings. The primary case Wheelabrator relies on to support this argument is *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex. 2006). In *Reata*, the Texas Supreme Court held that when a governmental entity joins the litigation process by asserting

its own affirmative claims for monetary relief that entity's immunity from suit may be partially waived. *Id*. In *Reata*, a subcontractor on a construction contract with the City was sued when a punctured water main flooded a building. *Id*. at 373. The subcontractor filed a third-party claim for negligence against the City. *Id*. The City then intervened in the suit, alleging a negligence claim against the subcontractor. *Id*. The City also filed a plea to the jurisdiction asserting the subcontractor's claims were barred by governmental immunity. *Id*. The Texas Supreme Court held that the City waived its immunity to suit by filing the suit for damages against the subcontractor. *Id*. at 377. Under *Reata*, however, a waiver of immunity occurs only "where the governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief." *Id*. at 376-77.

Here, CPS's amended answer alleges that if it is found liable to Casey for damages caused by Wheelabrator and if it is also found liable to Wheelabrator for damages, any amount due to Wheelabrator should be reduced by any amount due to Casey as stated in the parties' contract. CPS argues on appeal that its pleadings do not contain a claim for affirmative relief under *Reata*. We agree with CPS that its request for an offset is defensive in nature. While CPS's request for an offset may ultimately reduce Wheelabrator's recovery against CPS, it would not result in any monetary recovery by CPS. Because CPS did not join the litigation process by asserting its own affirmative claim for monetary relief, CPS did not waive immunity from suit under the rule stated in *Reata*. *See Housing Auth. of the City of Dallas v. Killingsworth*, 331 S.W.3d 806, 814 (Tex. App.—Dallas 2011, pet. denied) (concluding that governmental entity's counterclaim was not an affirmative claim for monetary relief when it was part of its defense and sought a declaration that the contract was void); *My-Tech, Inc. v. Univ. of N. Tex. Health Sci. Ctr. at Fort Worth*, 166 S.W.3d 880, 884-85 (Tex. App.—Dallas 2005, pet. denied) (concluding that state entity's answer was merely defensive when it alleged that state entity was owed funds under the parties' contract but

did not seek to recover the unpaid amount). We conclude that CPS did not waive its immunity from suit as to Wheelabrator's attorney's fees claim by asserting its own claim for affirmative relief.

### WAIVER OF IMMUNITY BY ENGAGING IN A PROPRIETARY FUNCTION

Wheelabrator also argues that because the core activity in which CPS engages—the operation of a public utility—is a proprietary function, CPS did not have immunity from suit as to its attorney's fees claim. Under the Texas Tort Claim Act ("TTCA"), the legislature has clearly and unambiguously waived governmental immunity from liability and from suit for certain tort claims arising out of its governmental functions, as specified in the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021-.029 (West 2011). On the other hand, the legislature specifically excluded from the TTCA's waiver of immunity all claims arising from a municipality's proprietary functions, which it defined to include "the operation and maintenance of a public utility." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(b) (West 2011). In the first appeal in this case, we determined that a proprietary function waiver did not apply to chapter 271, noting that "[t]he [l]egislature easily could have included the proprietary/governmental dichotomy it used in the tort-claims context in the contract-claims scheme, but chose not to do so." *Wheelabrator*, 381 S.W.3d at 605. Consistent with our determination in the first appeal, we conclude that CPS did not waive its immunity from suit as to Wheelabrator's attorney's fees claim because of the proprietary function doctrine. *See id.*

### TIMING OF THE PLEA TO THE JURISDICTION/UNRESOLVED FACT ISSUES

Wheelabrator finally argues that the trial court should have denied CPS's plea to the jurisdiction because it did not have enough time to conduct discovery, develop the record, and amend its petition. We disagree. Casey's breach of contract suit has been pending for more than

six years. Wheelabrator's breach of contract suit has been pending for more than three years. Under these circumstances, Wheelabrator had ample time to formulate its pleadings in this case.

Furthermore, the primary case Wheelabrator cites to support its argument, *Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012), is distinguishable. In *Rusk*, the Texas Supreme Court held that a governmental entity could properly raise immunity from suit for the first time on appeal; however, the case had to be remanded to the trial court because (1) the pleadings and the record failed to establish a waiver of the governmental entity's immunity or to negate such a waiver; and (2) the governmental entity failed to conclusively show either that the plaintiffs had a full, fair opportunity to develop the record as to immunity and amend their pleadings, or that the plaintiffs could not show immunity had been waived. *Id*. at 91. Here, unlike in *Rusk*, CPS did not first raise its plea to the jurisdiction on appeal. Rather, CPS filed its plea to the jurisdiction in the trial court, where Wheelabrator was given a full, fair opportunity to respond to the plea to the jurisdiction.

The record in this case affirmatively shows that no fact issues exist as to the trial court's jurisdiction over Wheelabrator's attorney's fees claim. According to its pleadings, Wheelabrator brought a breach of contract claim involving a contract that was executed in 2004. The applicable version of chapter 271 contained no waiver of immunity from suit as to a claim for attorney's fees and no other basis for such a waiver has been established. Because the pleadings conclusively negate the trial court's jurisdiction over Wheelabrator's attorney's fees claim, we conclude that the trial court did not err in granting CPS's plea to the jurisdiction.

### CONCLUSION

The trial court's order granting CPS's plea to the jurisdiction is affirmed.

Karen Angelini, Justice