ACCEPTED
12-14-00256-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/11/2015 7:50:21 PM
CATHY LUSK
CLERK

**No. 12-14-00256-CV**

**IN THE
COURT OF APPEALS
FOR THE
TWELFTH SUPREME JUDICIAL DISTRICT
OF
TEXAS
AT TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/11/2015 7:50:21 PM
CATHY S. LUSK
Clerk

**TROY W. SIMMONS, D.D.S., P.C. AND TROY W. SIMMONS, D.D.S.,
Appellants,**

**vs.**

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
Appellee.**

**Appeal from the County Court At Law No.2
of Gregg, County, Texas**

**MOTION FOR REHEARING**

**TO THE HONORABLE COURT OF APPEALS:**

TROY W. SIMMONS, D.D.S., P.C. and TROY W. SIMMONS, D.D.S., Appellants in the cause, make this Motion for Rehearing of the judgment of the Court rendered on February 27, 2015, and in support of said motion would respectfully show the Court the following:

I.

1.    Point of Error: The Court of Appeals erred in affirming the trial court's judgment on the basis that the Appellee, Texas Health and Human Services Commission, did not waive its sovereign immunity by its cause of action against the Appellants.

2.    Argument and Authorities: The Appellants contend that the Appellee waived its sovereign immunity when it filed claims for affirmative (monetary) relief against the Appellants before the State Office of Administrative Hearings below. When a state entity files a cause of action seeking monetary relief, it has consented to waive its sovereign immunity concerning any action related to the state entity's cause of action. *See Kinnear v. Texas Commission on Human Rights,* 14 S.W.3d 299, 300 (Tex. 2000). The orders of the Administrative Law Judge that are sought to be construed by the Appellants' declaratory judgment action arose directly from the cause of action filed by the Appellee. Once a state entity asserts affirmative claims for monetary relief, it must participate in the litigation as an ordinary litigant. The Appellants' declaratory judgment action is "defensive" to the cause of action of the Appellee, thus the trial court had the requisite jurisdiction to entertain the Appellants' declaratory judgment cause of action. *See, e.g., Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371, 377 (Tex. 2006). The facts of the case at bar are directly on point and the doctrine of *stare decisis* requires this Court be bound by the recitations of the Supreme Court of Texas.

WHEREFORE, PREMISES CONSIDERED, Appellants request that the Court grant this motion and that the judgment of the trial court be reversed and the case remanded with instructions to order a new trial.

By:/s/ Joseph R. Willie, II, D.D.S., J.D.
    Joseph R. Willie, II, D.D.S., J.D.
    4151 Southwest Freeway, Suite 490
    Houston, Texas 77027
    (713) 659-7330
    (713) 599-1659 (FAX)
    SBOT# 21633500
    attyjrwii@wisamlawyers.com


    ATTORNEY FOR APPELLANTS
    TROY W. SIMMONS, D.D.S., P.C. AND TROY
    W. SIMMONS, D.D.S.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Jennifer L. Hopgood, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, on the 11th day of March, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.