COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



PER CURIAM ORDER ON MOTION FOR REHEARING

Appellate case name:       Lee A. Hardy and Polly Hardy v. Wells Fargo Bank, N.A.

Appellate case number:     01-12-00945-CV

Trial court case number:   11-07737

Trial court:               157th District Court of Harris County

This Court issued a memorandum opinion reversing the trial court's granting of summary judgment in Wells Fargo's favor on the Hardys's wrongful foreclosure claim.

Wells Fargo argues on rehearing that: (1) the court erred by holding that the 2007 and 2008 PRRAs "did not halt the running of the statute of limitations" because "the PRRA agreements acted as a renewal and extension of the underlying Note and Deed of Trust, are enforceable contracts, and are subject to their own limitations periods," and (2) the Hardys cannot recover on their wrongful foreclosure claim because they have "unclean hands" and incurred no damages.

None of these arguments were asserted with respect to the Hardys's wrongful foreclosure claim in Wells Fargo's motion for summary judgment or in its appellate briefing. Because Wells Fargo did not raise these arguments in its motion for summary judgment, the trial court could not have granted summary judgment on any of these bases. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) ("A court cannot grant summary judgment on grounds that were not presented."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) ("[A] motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion."). We further note that Wells Fargo did not plead the affirmative defense of "unclean hands" with respect to any of the Hardys's causes of action. *See Kinnear v. Tex. Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000) (observing that affirmative defenses "must be pleaded, or it is waived"); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.) (identifying "unclean hands" as affirmative defense).

Moreover, "'[r]ehearing is not an opportunity to test alternative arguments after finding other arguments unsuccessful.'" *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 746 (Tex. App.—Dallas 2007, pet. denied) (op. on reh'g) (quoting *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 535 (Tex. App.—El Paso 1994, writ denied)). Accordingly, appellate courts do not typically base their rulings on arguments raised for the first time on rehearing. *See OAIC Commercial Assets, L.L.C.*, 234 S.W.3d at 747 ("A motion for rehearing does not afford a party an opportunity to raise new issues after the case has been briefed, argued, and decided on other grounds, unless the error is fundamental."); *see also Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 885 (Tex. 2001) (issue raised for first time on rehearing is waived).

Because Wells Fargo's motion for rehearing asserts new arguments for the first time on rehearing and the alleged errors are not fundamental, we decline to address these new arguments.

Wells Fargo's motion for rehearing is DENIED.


PER CURIAM


Per curiam panel consists of Justices Jennings and Brown.

Date: June 18, 2015