**AFFIRM; and Opinion Filed March 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00818-CV

### DALLAS HOUSING AUTHORITY, Appellant
### V.
### KIMBERLY NELSON, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-05784-B**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant Dallas Housing Authority ("DHA") sought to evict appellee Kimberly Nelson from an apartment in Little Mexico Village for nonpayment of rent. The justice court's judgment in favor of DHA included rent due in the amount of $3,172. On de novo appeal to the trial court, DHA again sought eviction and past due rent. Nelson alleged retaliation by DHA. After a bench trial, the trial court rendered judgment for Nelson. In four issues, DHA contends the trial court erred by awarding a statutory penalty and attorney's fees to Nelson. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

Nelson and DHA entered into a one-year lease agreement dated September 30, 2011, for an apartment in the Little Mexico development in Dallas. The lease provided for monthly rent of $154.00 to be paid on the first of each month. On August 13, 2012, DHA filed a complaint for forcible detainer in the justice court, alleging that Nelson owed $3,172.00 in unpaid rent, and seeking possession of the premises.

The justice court granted the relief sought by DHA in a judgment dated August 24, 2012. In the de novo appeal to the trial court, Nelson alleged that DHA retaliated against her in violation of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 92.331(a) (West 2014) (retaliation by landlord); *see also* TEX. PROP. CODE ANN. § 92.335 (retaliation is defense in eviction suit). In her operative pleading, Nelson alleged that DHA had filed three previous eviction suits against her in 2011 and 2012 for nonpayment of rent and "non-lease violations." She alleged that she prevailed in all three cases, and in one of the cases was awarded attorney's fees after the court found that DHA had retaliated against her. Nelson further alleged that she lost her job in December 2011, and since January 2012, had sought to reduce her rent as allowed under the lease "if Tenant has a decrease in income . . . that will last 30 days or longer." She alleged that DHA "wholly failed to respond" to her request and instead filed eviction suits for nonpayment of rent. Although Nelson pleaded for sanctions and attorney's fees, DHA did not file a plea in abatement or otherwise assert its immunity from suit or immunity from liability on Nelson's claims.

At the bench trial, the trial court heard testimony from Nelson and from Latonya Smith, the assistant manager for DHA at Little Mexico Village. Nelson testified that during the pendency of the third eviction suit, she paid her rent into the registry of the court because DHA would not accept her payments. The primary factual dispute was whether DHA had provided

Nelson the requisite forms to process her request for reduction of rent and whether Nelson had completed and returned them. Smith testified Nelson had neither requested nor completed the three required forms. Nelson testified she notified DHA of her job loss by certified letter. She also testified she completed and returned the one form DHA provided.

The trial court rendered judgment for Nelson, ruling that DHA "failed to meet its burden" and should take nothing. The trial court's judgment further recited that Nelson met her burden on her retaliation claim "and is entitled to $154.00 plus $500.00 and an award of reasonable and necessary attorney's fees." *See* TEX. PROP. CODE ANN. § 92.333 (if landlord retaliates against tenant, tenant may recover civil penalty of one month's rent plus $500 and reasonable attorney's fees). The court found reasonable and necessary attorney's fees to be $3,500 for trial, and made additional findings regarding attorney's fees for post-trial motions and appeal. This appeal followed.

## STANDARD OF REVIEW

DHA challenges the sufficiency of the evidence to support the trial court's judgment. When, as here, no findings of fact or conclusions of law are timely requested or filed, we imply all necessary findings in support of the trial court's judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). However, when a reporter's record is included in the record on appeal, the implied findings may be challenged for legal and factual sufficiency. *See id.* We review implied findings by the same standards we use in reviewing the sufficiency of the evidence to support a jury's answers or a trial court's fact findings. *Id.* In conducting a legal sufficiency review, we must determine whether the evidence would enable the factfinder to reach the determination under review. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). We will not disturb a finding for factual insufficiency unless the evidence in support of the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and

manifestly unjust. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001). In the absence of findings of fact and conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any available legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam).

DHA's issues also present questions of law. We review the trial court's ruling on questions of law de novo. *See, e.g., Ferry v. Sackett*, 204 S.W.3d 911, 912 (Tex. App.—Dallas 2006, no pet.).

**DISCUSSION**

**A. Breach of lease**

In its first issue, DHA contends the trial court erred by ruling that DHA failed to meet its burden of proving that Nelson breached the lease. We construe DHA's contention to be that it proved Nelson's breach of lease as a matter of law. *See, e.g., Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983) (when party having burden of proof appeals from adverse fact finding in trial court, issue should be that fact was established as matter of law). DHA contends the evidence established that Nelson's rent for July 2012 was due on July 1, 2012, and was late after July 5, 2012. DHA points to a provision in the lease that failure to pay rent on time is a ground for lease termination. On July 16, 2012, DHA gave Nelson notice that her lease would be terminated in fourteen days for failure to pay rent in the amount of $3,172.00. On July 31, 2012, DHA gave Nelson notice to vacate her apartment within three days. On August 13, 2012, DHA filed its forcible detainer action, alleging Nelson failed to pay rent for August, and seeking rent in the amount of $3,172.00. DHA also argues that a grievance hearing was held on July 18, 2012, at which a panel of tenants decided that Nelson had breached the lease and should be evicted.

The evidence was also undisputed, however, that Nelson had been paying rent into the registry of the court during the pendency of the prior detainer action, and that several months'

rent remained in the court's registry. Final judgment (in Nelson's favor) in the prior case was not rendered until July 13, 2012. Nelson testified that she paid the July rent into the registry of the court on July 30. In addition, the parties vigorously disputed whether Nelson was entitled to a reduction of rent after she lost her job. The lease provided that "DHA will process an interim reduction in rent if Tenant has a decrease in income or change in household composition or circumstances that will last 30 days or longer." Nelson testified that the grievance hearing did not address or resolve her request for reduction in rent. Smith testified that Nelson did not provide adequate information to process her request, while Nelson testified to the contrary. Some of the parties' correspondence was admitted into evidence at trial.

Thus, the question whether Nelson breached the lease was vigorously disputed at trial. DHA claimed Nelson owed over $3,000 in rent in its notice of termination. Nelson, however, claimed she was due a reduction in rent some six or seven months before her alleged breach, and the evidence is undisputed that she paid several months' rent into the registry of the court in the course of DHA's forcible detainer action already pending against her. She prevailed in that action. In sum, there were factual disputes regarding the timing and amount of Nelson's rent payments due under her lease. The trial court was the sole judge of the credibility of the witnesses and the evidence. *Altus Brands II, LLC v. Alexander*, 435 S.W.3d 432, 440 (Tex. App.—Dallas 2014, no pet.). There was evidence to support the trial court's ruling. We cannot say that DHA established the contrary proposition as a matter of law. *See Croucher*, 660 S.W.2d at 58. We overrule DHA's first issue.[1]

---

[1] Moreover, both parties agreed at argument that retaliation is a defense in bar to the eviction. *See* TEX. PROP. CODE ANN. § 92.335 (West 2014). We address that issue below in connection with DHA's challenge of relief to Nelson on that ground.

### B. Retaliation claim

DHA's second and third issues relate to Nelson's claim that DHA retaliated against her. In its second issue, DHA contends Nelson produced no evidence in support of her claim of retaliation. Citing section 92.331 of the Property Code, DHA argues that Nelson was required to establish that DHA took retaliatory action against her within six months after a protected act. *See* TEX. PROP. CODE ANN. § 92.331(a). DHA contends that there was no evidence of any protected act, and no evidence of any retaliatory action. DHA argues the only mention of retaliation was in Nelson's pleadings, which are not evidence. DHA also contends that it took only lawful actions to evict Nelson and terminate her lease for nonpayment of rent, and that its failure to process her rent reduction was due to Nelson's own failure to provide the required paperwork. DHA concludes that its lawful actions do not constitute retaliation as a matter of law.

Chapter 92 of the Texas Property Code prohibits retaliation by a landlord against a tenant and provides that retaliation is an absolute defense in a suit for eviction. *See* TEX. PROP. CODE ANN. §§ 92.331, 92.335[2]; *see also Barnes v. Stone Way Ltd. Pp.*, 330 S.W.3d 925, 929 (Tex. App.—Beaumont 2011, no pet.) (tenant had meritorious defenses to suit for eviction including retaliation under Chapter 92). Section 92.331(a) provides in part that "[a] landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant . . . in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute . . . ." Subsection (b) provides that the landlord "may not, within six months after the date of the tenant's action under subsection (a), retaliate against the tenant" by taking certain actions including filing an eviction proceeding or "engaging, in bad faith, in a course of conduct that materially interferes with the

---

[2] Section 92.335 provides in part that "[i]n an eviction suit, retaliation by the landlord under Section 92.331 is a defense . . . ."

tenant's rights under the tenant's lease." *See* TEX. PROP. CODE ANN. § 92.331(b)(1) & (b)(5). The section expressly permits the landlord to file an eviction proceeding, however, for delinquent rent or other material breaches of the lease as provided in section 92.332. *See id.*, §§ 92.331(b)(1) and 92.332.

There was evidence of retaliation presented at trial. Nelson and Smith's testimony established the acrimony between the parties surrounding Nelson's attempt to obtain a rent reduction under the terms of the lease. There was evidence of the parties' protracted disputes and DHA's previous unsuccessful attempts to evict Nelson. There was disputed evidence regarding whether DHA provided Nelson the forms it required to process her rent adjustment, and evidence that DHA refused to accept documentation from Nelson when Nelson attempted to videotape her communications with Smith. There was evidence that within a few days of the judgment in Nelson's favor in the previous eviction action, DHA served its third or fourth notice of eviction. The record reflects that Nelson produced some evidence, which if believed by the trial court, could support a finding that DHA engaged in conduct materially interfering with Nelson's rights under her lease. *See City of Keller*, 168 S.W.3d at 827; *Dow Chem. Co.*, 46 S.W.3d at 242. We overrule DHA's second issue.

In its third issue, DHA contends the trial court erred by awarding damages to Nelson on her retaliation claim because it was asserted only as an affirmative defense to eviction,[3] and not as an affirmative claim for damages. The trial court's award to Nelson, however, was the civil penalty provided for in section 92.333 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 92.333 (West 2014) ("Tenant Remedies") (quoted below). Nelson pleaded that DHA retaliated against her in violation of section 92.331 of the Property Code. *See id.*, § 92.331 ("Retaliation

---

[3] In DHA's statement of issues in its brief, it frames the issue as "[w]hether the trial court erred in ruling that retaliation is an affirmative defense to eviction." In the argument section of the brief, however, DHA's complaint is that "[t]he Court erred in awarding damages to Nelson for the Affirmative Defense of Retaliation," for failure to plead a counterclaim for damages. We address the complaint that was briefed. *See* TEX. R. APP. P. 38(i).

by Landlord").  Section 92.333 also provides for the recovery of reasonable attorney's fees by the tenant.  *See id.*, § 92.333.

In addition, Nelson relies on section 24.006(c) of the Texas Property Code[4] permitting a prevailing tenant to recover attorney's fees in a forcible detainer suit "if a written lease entitles the landlord or the tenant to recover attorney's fees."  *See* TEX. PROP. CODE ANN. § 24.006(c) (West 2014).  Paragraph 18(p) of the parties' lease agreement provides that "[i]f DHA files an eviction action against Tenant, Tenant will be liable for all legal fees including, costs of court, cost of a writ of possession if one is filed, and costs awarded by the Court, including Attorney's fees, unless Tenant prevails in the action."  *See also* TEX. R. CIV. P. 510.11 (allowing for recovery of attorney's fees in eviction suit if requirements of section 24.006 of Property Code have been met).  Under the applicable statutes and rules, Nelson was entitled to recover both the statutory penalty and her reasonable attorney's fees. We overrule DHA's third issue.

## C. Governmental immunity

In its fourth issue, DHA contends that because it is a unit of state government, it cannot be held liable for damages or attorney's fees.  DHA did not assert governmental immunity in the trial court; it initiated suit and sought relief from the justice court and the trial court.

"Sovereign immunity protects the State from lawsuits for money damages."  *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (quoting *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)).  Political subdivisions of the State, including housing authorities, are entitled to such immunity, referred to as governmental immunity, unless it has been waived.  *Id.*; *see also Hous. Auth. of City of Dallas v. Killingsworth*, 331 S.W.3d 806, 810 (Tex. App.—Dallas 2011, pet. denied).  Sovereign

---

[4] Chapter 24 of the Texas Property Code governs forcible entry and detainer.  *See* TEX. PROP. CODE ANN. §§ 24.001–24.011 (West 2014).

immunity encompasses immunity from suit, which bars a suit unless the state has consented, and immunity from liability, which protects the state from judgments even if it has consented to the suit. *Id.* It is the Legislature's sole province to waive or abrogate sovereign immunity. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) (quoting *IT-Davy*, 74 S.W.3d at 853). A governmental entity such as DHA is immune from suit for torts committed in the performance of its governmental functions, but not for torts committed in the performance of its proprietary functions. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (explaining distinction between municipality's governmental functions "in the performance of purely governmental matters solely for the public benefit," and proprietary functions in the municipality's private capacity, and not as an arm of the government); *see also Killingsworth*, 331 S.W.3d at 810 (housing authorities are units of government whose functions are essential governmental functions) (citing TEX. LOC. GOV'T CODE ANN. § 392.006).

DHA argues that it is immune from suit and from liability. Immunity from suit implicates subject matter jurisdiction and may be raised for the first time on appeal. *See City of Wylie v. Taylor*, 362 S.W.3d 855, 859 (Tex. App.—Dallas 2012, no pet.). Immunity from liability must be pleaded, or it is waived. *Kinnear v. Texas Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000) (per curiam).

Nelson argues that section 392.006 of the Texas Government Code is a statutory waiver of DHA's immunity from suit encompassing her claim of retaliation under Chapter 92 of the Property Code. Section 392.006 provides:

> For all purposes, including the application of the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not proprietary functions. *Provided, however, a housing authority shall be subject to all landlord obligations and tenant remedies, other than a suit for personal injuries, as set forth in any lease or rental agreement and in Chapters 24, 54, 91, 92, and 301 of the Property Code.*

TEX. LOC. GOV'T CODE ANN. § 392.006 (West Supp. 2014) (emphasis added). "[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013). DHA correctly argues that under section 392.006, it is a unit of government. DHA concludes "the relevant section of the Property Code does not contain language that 'clearly and unambiguously' waives immunity for claims for attorney's fees against a non-party governmental entity." But DHA does not address the proviso in the second sentence of section 392.006 of the Local Government Code or discuss its application to this case. DHA is "subject to all landlord obligations and tenant remedies" sought by Nelson as set forth in the lease and in Chapters 24 and 92 of the Property Code. *See* TEX. LOC. GOV'T CODE ANN. § 392.006. We conclude DHA is not immune from suit within the proviso of section 392.006.

In addition, we conclude DHA has waived its immunity from liability. The clerk's record contains an amended sworn complaint for forcible detainer filed by DHA in the trial court. Although DHA's amended complaint was filed after Nelson's pleading seeking sanctions and attorney's fees, the pleading does not assert either immunity from suit or immunity from liability in response to Nelson's pleading. There is no plea in abatement or other assertion of immunity in the record. Because DHA never pleaded immunity from liability as an affirmative defense to the attorney's fees requested by Nelson, it waived the defense. *See Kinnear*, 14 S.W.3d at 300.

DHA further contends that even if it is not immune from suit or liability, there is no statutory authorization for an award of attorney's fees to Nelson. Section 92.333 of the Property Code, however, expressly permits a tenant to recover attorney's fees if a landlord retaliates against her:

> In addition to other remedies provided by law, if a landlord retaliates against a tenant under this subchapter, the tenant may recover from the landlord a civil penalty of one month's rent plus $500, actual damages, court costs, and reasonable attorney's fees in an action for recovery of property damages, moving

–10–

costs, actual expenses, civil penalties, or declaratory or injunctive relief, less any delinquent rents or other sums for which the tenant is liable to the landlord. If the tenant's rent payment to the landlord is subsidized in whole or in part by a governmental entity, the civil penalty granted under this section shall reflect the fair market rent of the dwelling plus $500.

TEX. PROP. CODE ANN. § 92.333 (West 2014).  The trial court awarded Nelson one month's rent plus $500, plus attorney's fees, as expressly provided for in the statute.  In addition, as we have noted, other statutory provisions address the recovery of attorney's fees in forcible detainer suits.  *See* TEX. PROP. CODE ANN. § 24.006(c) (prevailing tenant may recover reasonable attorney's fees if written lease entitles landlord or tenant to recover attorney's fees).  We overrule DHA's fourth issue.

## CONCLUSION

Having overruled DHA's four issues, we affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

130818F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE HOUSING AUTHORITY OF THE
CITY OF DALLAS TEXAS, Appellant

No. 05-13-00818-CV    V.

KIMBERLY NELSON, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-12-05784-B.
Opinion delivered by Justice Schenck;
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Kimberly Nelson recover her costs of this appeal from appellant The Housing Authority of The City of Dallas Texas.

Judgment entered this 19th day of March, 2015.