In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00174-CV

IN RE L&S PRO-LINE, LLC AND LEE BURKETT

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 18-06-07704-CV**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, a writ of prohibition, or a writ of injunction, L&S Pro-Line, LLC and Lee Burkett, Relators, complain that the Real Parties in Interest, Garrett Gagliano, Snook Holdings, LLC, and Tactical Automation Inc. are attempting to enforce a superseded judgment. Relators argue a writ of mandamus should issue to order the trial court to cancel hearings on Gagliano's motion for contempt and motion to show authority and to remove counsel. In the alternative, Relators argue this Court should either issue a writ of prohibition to prevent the trial court from holding a hearing on Gagliano's motions or enjoin the

Real Parties from attempting to enforce the judgment until Relators' appeal is finally resolved. We temporarily stayed all trial court proceedings while we considered the issues raised in the petition. *See* Tex. R. App. P. 52.10(b). Although we conclude the judgment has been superseded and the trial court cannot consider the motions that were scheduled for hearing on June 25, 2021 while the judgment is superseded, we also conclude that Relators have not shown that the trial court failed to perform the ministerial duty of cancelling the hearing on the motions. Accordingly, we deny the petition.

The trial court signed a judgment that awarded Gagliano $2,638,101.05 against Pro-Line for breach of contract; awarded Tactical $2,389,725.29 against Pro-Line for breach of contract; awarded Snook $109,239.12 against Pro-Line for breach of contract; Gagliano $2,638,101.05 against Burkett for breach of contract; awarded Tactical $2,389,725.29 against Burkett for breach of contract; awarded Gagliano $5,553,163.45 against Burkett for breach of fiduciary duty; awarded Gagliano $11,106,329.70 in punitive damages against Burkett; awarded Gagliano attorney's fees of $1,170,000 against Burkett, with additional conditional attorney's fees for appeal to the Court of Appeals and Supreme Court; awarded Gagliano court costs and expert witness fees of $113,190; awarded Gagliano $30,000 in attorney's fees against Pro-Line, with additional conditional fees for appeal; awarded Snook $39,000 in attorney's fees against Pro-Line, with additional conditional fees for

2

appeal; and ordered that Pro-Line and Burkett take nothing as to their affirmative claims. In its judgment the trial court also ordered Burkett to sell his ownership interest in Pro-Line under the Company Agreement, prohibited Burkett from interfering with Gagliano's contractual right to buy out Burkett, and prohibited Burkett from operating Pro-Line or impeding Gagliano's acquisition of Pro-Line and his access to Pro-Line's premises, computer systems, and bank accounts.

Gagliano filed a motion to hold Burkett in contempt for violating the permanent injunction. He alleged Burkett was violating the injunction by advertising on Pro-Line's website and by failing to provide the information Gagliano needed to access Pro-Line systems and accounts. Gagliano also requested attorney's fees as sanctions. Gagliano also filed a motion to remove counsel of record for Pro-Line, combined with a motion to show authority. Gagliano argued that pursuant to the jury's verdict, a terminating event had occurred under the Company Agreement, Burkett therefore lost officer and management authority, including authority to retain or direct the attorneys who ostensibly represent Pro-Line, and that Gagliano discharged such attorneys from representing Pro-Line.

Before the scheduled hearing took place, Burkett filed a notice of deposit of $107,127.02 to supersede the judgment and a net worth affidavit in which Burkett claimed his net worth is $214,254.03. Pro-Line and Burkett filed a notice of appeal. Pro-Line and Burkett filed a motion to cease enforcement of the final judgment and

requested a hearing. According to Relators, the trial court has not scheduled a hearing on the motion to cease enforcement of the judgment.

Gagliano, Snook, and Tactical filed an objection and contest to Burkett's Notice of Deposit and Net Worth Affidavit. They claimed the net worth affidavit lacked complete, detailed information about Burkett's assets and liabilities, improperly calculated net worth by including Burkett's tax liabilities based on unfiled tax returns for previous tax years, and incorrectly applied a zero value to his 75% interest in Pro-Line because Gagliano was attempting to buy his interest for that amount after factoring Gagliano's judgment against the company. They argued that Burkett failed to supersede the non-monetary portions of the judgment. In a separate motion, Gagliano, Snook, and Tactical argued that the entire judgment could be enforced against Pro-Line and requested that Burkett be required to post an additional bond of $21,300,169.40 to stay enforcement of declaratory and injunctive relief. Neither Relators nor the Real Parties state that these motions have been set for a hearing.

To obtain extraordinary relief in a writ of mandamus, Relators must show that the trial court abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it fails to analyze or correctly analyze or apply the law to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d

300, 302 (Tex. 2016) (orig. proceeding). "The relator must establish that the trial court could have reasonably reached only one conclusion." *Id.* at 303. In determining whether appeal is an adequate remedy, we consider whether any benefits of mandamus review outweigh the detriments. *Prudential*, 148 S.W.3d at 136.

Supersedeas stays enforcement of a judgment pending the appeal, not only by preventing the judgment creditor from levying execution on a judgment, but also from enforcing the judgment by contempt. *In re Tex. Educ. Agency*, 619 S.W.3d 679, 683 (Tex. 2021). "When superseded, compliance with an injunction is not required until all appeals have been exhausted and the mandate has issued." *Id.*

The Real Parties argue the motion for contempt may proceed to a hearing because Burkett failed to supersede that part of the judgment that required Burkett to sell Pro-Line to Gagliano. They argue the Legislature created different and specific procedures to supersede each category of relief. But we ascertain legislative intent from the language used in the statute. *In re D.T.*, 625 S.W.3d 62, 71 (Tex. 2021). Chapter 52 of the Texas Civil Practice and Remedies Code specifically limits the amount of security that can be required to supersede a money judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(b). Notwithstanding any other law or rule, when a judgment is for money, the amount of security cannot exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. *Id.* No language in section 52.006 exempts the security cap where a judgment awards more than one

type of relief. *See id.* The Legislature placed a cap on the security required for a money judgment without creating an exception for situations where a money judgment is combined with a judgment for other types of relief. *See id.*

Texas Rule of Appellate Procedure 24, which applies to the extent the rule does not conflict with the statute, contains different provisions that apply if a judgment is for recovery of money, for recovery of property, for something other than money or an interest in property, for conservatorship or custody, or for a governmental entity. *See* Tex. R. App. P. 24.2(a). Rule 24 does not describe what happens when a judgment is for more than one type of recovery. *See id.*

Rule 24 provides the procedure for superseding the judgment. Rule 24.1(c) allows a party to supersede the judgment by depositing with the clerk a deposit in the amount required by Texas Rule of Appellate Procedure 24.2. *See* Tex. R. App. P. 24.1(c). The filing of a cash deposit in lieu of a bond in an amount supported by an affidavit of net worth supersedes the judgment and all enforcement efforts must cease. *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (mem. op.). The judgment debtor's failure to ask the trial court to set a sufficient bond does not invalidate the supersedeas. *Id.* The judgment creditor's remedy is to file a contest to the judgment debtor's net worth and obtain a trial court order that states the judgment debtor's net worth. *See* Tex. R. App. P. 24.2(c)(2).

The Real Parties recovered a money judgment against Burkett. Therefore, Rule 24.1(c) allowed Burkett to supersede the judgment by depositing security in the amount required by Rule 24.2(a)(1). *See id* at 24.1(c). The Real Parties have contested Burkett's net worth affidavit, but enforcement of the judgment is suspended unless the trial court orders additional or other security to supersede the judgment. *See* Tex. R. App. P. 24.2(c)(3).

The trial court cannot hold a contempt hearing on an injunction that has been superseded. *In re Tex. Educ. Agency*, 619 S.W.3d at 683. Gagliano filed notices of a June 25 hearing on his motions on June 21, 2021, shortly after Burkett filed a security deposit and net worth affidavit. Burkett promptly asked the trial court to cancel the June 25 hearing on Gagliano's motions and requested expedited consideration of Burkett's motion to cease enforcement of the judgment. But to establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *In re Dong Sheng Huang*, 491 S.W.3d 383, 385 (Tex. App.–Houston [1st Dist.] 2016, orig. proceeding [mand. denied]). For example, an appellate court granted mandamus relief directing the trial court to hear a motion to set a supersedeas bond within fifteen days in a case where the mandamus record showed the trial court clerk rejected the relator's request for a hearing at the direction of the trial court. *In re Tunad Enterprises, Inc.*, No. 05-17-

7

00930-CV, 2017 WL 4053941, at **1-3 (Tex. App.—Dallas Sept. 14, 2017, orig. proceeding) (mem. op.). Here, Relators have not shown that the trial court is aware that the motion has been filed and requires expedited consideration.

As alternative relief, Relators ask this Court to prohibit the trial court from holding a hearing on Gagliano's motions or to enjoin the Real Parties from attempting to enforce the judgment. Relators argue that a writ of prohibition or injunction is necessary to protect our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). At this time, however, we perceive no danger to our jurisdiction. Neither Snook nor Tactical have sought to enforce the judgment. Gagliano has challenged Burkett's net worth affidavit but when Relators filed their mandamus petition, we issued an order of temporary relief that stayed all proceedings in the trial court. *See* Tex. R. App. P. 52.10(b). The trial court retains jurisdiction to order security for the judgment. *See* Tex. R. App. P. 24.3(a). Because future events may affect the supersedeas currently in effect, we deny the petition for a writ of prohibition or a writ of injunction without prejudice. *See In re Moore*, No. 13-21-00004-CV, 2021 WL 717613, *5 (Tex. App.—Corpus Christi Feb. 24, 2021, orig. proceeding) (mem. op.) ("[T]he writ [of prohibition] will not issue to protect an appellate court's jurisdiction from the 'mere possibility' of interference by a trial court; instead, the

threat of jurisdictional interference must be 'imminent.'"); *In re Kristensen*, No. 14-14-00448-CV, 2014 WL 3778903, *7 (Tex. App.—Houston [14th Dist.] July 31, 2014, orig. proceeding) (mem. op.) ("The mere fact that relators may be sanctioned in the future does not provide a basis for mandamus relief").

For the reasons stated in this Opinion, we lift our order of temporary relief and deny the petition. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 2, 2021
Opinion Delivered September 23, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

9